

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*overruled by 0-5301*
*where conflicts*

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-2507
Re: Construction of Section 5
and Section 5a of the Texas
Chain Store Tax Law.

This is in answer to your request for an opinion in which you say:

"This Department wishes an opinion in regards to the application of Section 5 and Section 5-A of the Store Tax Law. Will a Public Utility Service Company operating a number of stores in which they sell electrical appliances and, also, operating stores in which they sell ice refrigerators and other merchandise pay the tax as separate units or shall the tax be paid on places selling electrical appliances and ice refrigerators as one chain?"

We assume that the facts show that the places in question, both those in which ice refrigerators are sold and those in which electrical appliances are sold, are stores within the meaning of the Texas Chain Store Tax Law. The only question is whether these stores constitute one single chain or constitute two separate chains on the theory that the electrical appliance stores make up one chain and the ice refrigerator stores make up another chain. Your inquiry indicates that you consider that stores in which ice refrigerators are sold come within Section 5 and that the stores in which electrical appliances are sold come within Section 5a, and that you desire to know whether stores under Section 5 and stores under Section 5a constitute separate chains or one single chain.

The Texas Chain Store Tax Law was originally passed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

as House Bill No. 18, Chapter 400, Acts 1935, Forty-fourth Legislature, First Called Session, and it is codified as Article 11l1d of Vernon's Annotated Penal Code of the State of Texas.

The term "store" is defined in Section 7 of said law as follows:

"Sec. 7. The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments nor specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

The parts of the law that designate the stores to which it applies are Section 5 and Section 5a, which read as follows:

"Sec. 5. Every person, agent, receiver, trustee, firm, corporation, association or copartnership opening, establishing, operating or maintaining one or more stores or mercantile establishments within this State, under the same general management, or ownership, shall pay the license fees hereinafter prescribed for the privilege of opening, establishing, operating or maintaining such stores or mercantile establishments. The license fee herein prescribed shall be paid annually and shall be in addition to the filing fee prescribed in Sections 2 and 4 of this Act. Provided that the terms, 'store, stores, mercantile establishment or mercantile establishments' whenever used in this act shall not include; wholesale and/or retail lumber and building material businesses engaged exclusively in the sale of lumber and building material; and/or oil and gas well supplies and equipment dealers; or any place of business engaged exclusively in the storing, selling, or distributing of petroleum products and servicing of motor vehicles; or any business now paying an occupation tax measured by gross receipts; or any place

Honorable George H. Sheppard, Page 3

or places of business used as bona fide wholesale or retail distributing points by manufacturing concerns for distribution of products of their own manufacture only; or any place or places of business used by bona fide processors of dairy products for the exclusive sale at retail of such products.

"The license fees herein prescribed shall be as follows:

"1.  Upon one (1) store the license fee shall be One Dollar ($1);

"2.  Upon each additional store in excess of one (1) but not to exceed two (2), the license fee shall be Six Dollars ($6);

"3.  Upon each additional store in excess of two (2) but not to exceed five (5), the license fee shall be Twenty-five Dollars ($25);

"4.  Upon each additional store in excess of five (5) but not to exceed ten (10) the license fee shall be Fifty Dollars ($50);

"5.  Upon each additional store in excess of ten (10) but not to exceed twenty (20), the license fee shall be One Hundred Fifty Dollars ($150);

"6.  Upon each additional store in excess of twenty (20) but not to exceed thirty-five (35), the license fee shall be Two Hundred Fifty Dollars ($250);

"7.  Upon each additional store in excess of thirty-five (35) but not to exceed fifty (50), the license fee shall be Five Hundred Dollars ($500);

"8.  Upon each additional store in excess of fifty (50), the license fee shall be Seven Hundred Fifty Dollars ($750);

"Such fees are for the period of twelve (12) months, and upon the issuance of any license after the first day of January of any one year, there shall be collected such fractional part of the license hereinabove fixed as the remaining months in

Honorable George H. Sheppard, Page 4

the calendar year (including the month in which such license is issued) bears to the twelve-month period."

"Sec. 5a. Every person, agent, receiver, trustee, firm, corporation, association and/or copartnership opening, establishing, operating and/or maintaining one or more stores or mercantile establishments within this State under the same general management and/or ownership and selling therein any equipment or appliances operated and/or used in connection with any electrical current and/or natural gas and/or artificial gas whether the same be in connection with the sale of electrical current and/or natural gas and/or artificial gas or not and whether such person, firm, agent, receiver, trustee, corporation, association and/or copartnership be also engaged in the business of furnishing some public utility services or not shall pay the license fees hereinabove prescribed for the privilege of opening, establishing, operating and/or maintaining such stores or mercantile establishments. The license fee herein prescribed is applicable to this Section, shall be paid annually, and shall be in addition to the filing fee prescribed in Sections 2 and 4 of this Act. The license fee herein prescribed and applicable to this Section shall be as follows:

"1. Upon one (1) store the license fee shall be One Dollar ($1);

"2. Upon each additional store in excess of one (1), but not to exceed two (2), the license fee shall be Six Dollars ($6);

"3. Upon each additional store in excess of two (2), but not to exceed five (5), the license fee shall be Twenty-five Dollars ($25);

"4. Upon each additional store in excess of five (5), but not to exceed ten (10), the license fee shall be Fifty Dollars ($50);

"5. Upon each additional store in excess of ten (10), but not to exceed twenty (20), the license fee shall be One Hundred Fifty Dollars ($150);

Honorable George E. Sheppard, Page 5


"6. Upon each additional store in excess of twenty (20), but not to exceed thrity-five (35), the license fee shall be Two Hundred Fifty Dollars ($250);

"7. Upon each additional store in excess of thirty-five (35) but not to exceed fifty (50), the license fee shall be Five Hundred Dollars ($500);

"8. Upon each additional store in excess of fifty (50), the license fee shall be Seven Hundred Fifty Dollars ($750).

"Such fees are for the period of twelve months (12), and upon the issuance of any license after the first day of January of any year, there shall be collected such fractional part of the license hereinabove prescribed as the remaining months in the calendar year (including the month in which such license is issued) bears to the twelve-month period, provided, however that should this Section 5a and/or any part thereof be for any reason declared void, unconstitutional and/or invalid, such invalidity shall never be construed so as to affect any other section or subsection, part or portion of this Act and shall in nowise affect Section 5 hereof but it is the Legislative intent that all of the remainder of this Act should remain in full force and effect in spite of any invalidity of this Section 5a and/or any part thereof and the Legislature would have imposed the tax imposed in Section 5 hereof regardless of the validity or invalidity of Section 5a and/or any part thereof.

"This Section shall be construed as a limitation upon the exception in Section 5 hereof of businesses now paying an occupation tax measured by gross receipts."

It will be noticed that Section 5 imposes a tax on persons operating "stores or mercantile establishments" but specifically excludes certain businesses among which is "any business now paying an occupation tax measured by gross receipts." However, Section 5a places a tax on persons operating "stores or mercantile establishments . . . selling therein any equipment or appliances operated and/or used in connection with an electrical current and/or

natural gas and/or artificial gas." The electrical and gas equipment establishments described in Section 5a are clearly stores within the definition of Section 7 (quoted above) and would be taxable under Section 5 unless they are excluded by the terms of said Section. By specifically describing electrical and gas equipment establishments and placing a tax on their operation in Section 5a the Legislature was bound to have considered that they were excluded from the provisions of Section 5. The only provision in Section 5 under which they could be considered as being excluded is the provision excluding "any business now paying an occupation tax measured by gross receipts."

From a reading of both Section 5 and Section 5a we see that the Legislature did more than place an exception to an exemption in the Act. It would have been entirely feasible for the Legislature to have put the provisions of Section 5a in Section 5. For example, immediately after the exceptions in Section 5 it could have provided as an exemption to said exceptions that persons operating establishments selling therein electrical and gas equipment were subject to the tax prescribed in said Section 5.

By way of analysis, it is apparent that the Legislature has set up in Section 5 and Section 5a two separate tax schedules and has taxed two different types of businesses. As pointed out above the Legislature apparently had in mind that the places of business taxed under Section 5a are not taxed under Section 5 and are not stores as defined in Section 5. To tax as one chain all of the stores operated by one company, which are taxable under Section 5 and also Section 5a, would be to assess the tax at a higher rate than provided by the Legislature for the taxation of stores under Section 5a in that the grouping of all of such stores would prevent the payment of the one dollar fee on the first store taxed under Section 5a, etc. We are unable to find any authority in the Act for the taxing of the entire group of stores as one chain. There is no authority for such grouping in Section 5a because a separate and distinct tax schedule has been set out by the Legislature for the taxing of stores operating under such Section. The fact that the schedule of taxes to be paid under Section 5 and Section 5a are the same more clearly points out that had the Legislature so desired to group all of the stores in one chain under the situation as we have here it would have been simple for the entire tax to be assessed under Section 5 with the proper proviso contained in the exceptions.

Honorable George H. Sheppard, Page 7

Some question is raised concerning the result reached in this opinion because of the last paragraph in Section 5a which reads as follows:

"This section shall be construed as a limitation upon the exceptions in Section 5 hereof of businesses now paying an occupation tax measured by gross receipts."

Obviously, the above quoted paragraph was put into the Act to take care of any apparent or possible conflict between Section 5 and Section 5a.

It has been suggested that the electrical and gas equipment stores in question do not come within any of the exceptions of Section 5, and that therefore they are taxable under Section 5 instead of under Section 5a. We cannot agree with that contention because we believe they are clearly taxable under Section 5a by virtue of the words of said Section 5a which describe these electrical and gas equipment stores very specifically. We are sure the Legislature did not intend to tax these stores in both Section 5 and Section 5a and thereby tax them double. Our conclusion is that the Legislature thought that the exception in Section 5 which says "any business now paying an occupation tax measured by gross receipts" included stores operated by gas and electric companies because said companies paid a gross receipts tax under Article 7060 of the Revised Civil Statutes of Texas on the gas and electricity sold; and the Legislature did not want such a company to open an appliance store and not be required to pay some chain store taxes on the operation of such stores, and in order to be sure that taxes were paid on the operation of such stores a separate taxing act, to-wit, Section 5a, was written into the Act. Another reason why we doubt the suggestion that these appliance stores are taxable under Section 5 instead of Section 5a is that if we place such a construction on the Act it would result in Section 5a not taxing anything and being surplusage. We should avoid such a construction if possible. In the case of Armstrong v. State, 106 Tex. Cr. R. 496, 293 S. W. 817, the court said:

"It is the duty of the court to construe the various articles of the statute in such a way as to give effect to all of them, if it can be done without violence to statutory construction . . ."

We are not unmindful of the fact that in the case of Hurt v.

Honorable George H. Sheppard, Page 8

Cooper, 130 Tex. 433, 110 S. W. (2d) 896, the court, in referring to this particular exception in the Chain Store Tax Law, said by way of dicta that "it appears that the only business which would be exempted under this provision is that of publishing and selling textbooks;" but we believe that the Legislature had in mind that stores of the kind under consideration in this opinion would come under this exception, and we so hold.

We think it is apparent that the Legislature intended that the stores under Section 5 and the stores under Section 5a be considered as separate chains. It is a rule of law that if possible a construction should be placed on a statute so as to give effect to the Legislature's intention. 39 Tex. Jur. 166. Another consideration is that on May 3, 1938, in an Attorney General's opinion written by Assistant Attorney General Brown a fact situation the same as the one involved in this opinion was considered, and it was held that the operation of electrical appliance stores was taxable under Section 5a, and that stores taxable under Section 5 and stores taxable under Section 5a were separate chains. We are advised that you, in performing your duties as administrator of the Texas Chain Store Tax Law, have followed that opinion. The Supreme Court of the United States, speaking through Justice Cardozo, in the case of Norweigen Nitrogen Company v. United States, 288 U. S. 294, 53 Sup. Ct. 350, 77 L. Ed. 856, said:

"True it also is that administrative practice, consistent and generally unchallenged, will not be overturned except for very cogent reasons if the scope of the command is indefinite and doubtful. . . . The practice has peculiar weight when it involves a contemporaneous construction of a statute by the men charged with the responsibility of setting its machinery in motion; of making the parts work efficiently and smoothly while they are yet untried and new."

In the case of Clark v. Atlantic Pipe Line Company, 134 S. W. 322, (writ of error refused) the Court of Civil Appeals at Austin said:

"Conceiving, arguendo, that the language of the Act is susceptible of the construction that it embraces inter as well as intrastate business, it manifestly is not so clearly so as not to render it open to construction. Departmental construction may therefore become a determining

Honorable George H. Sheppard, Page 9

factor. Especially is this true regarding revenue measures, the administration of which is under constant observation of the Legislature. See 39 Tex. Jur., pp. 234-238, Sections 125 and 126." (Underscoring ours)

For the reasons hereinabove stated we affirm the Attorney General's opinion on this question dated May 3, 1938. We accordingly hold that the stores you describe in which ice refrigerators are sold are taxable under Section 5 and the electrical and gas equipment stores you describe are taxable under Section 5a, and that the stores under Section 5 and the stores under Section 5a constitute separate chains.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

And *Cecil C. Rotsch*

Cecil C. Rotsch
Assistant

CCR:rw

APPROVED OCT 21, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

THIS OPINION CONSIDERED AND APPROVED IN LIMITED CONFERENCE